## W. F. M. BROGDEN v. THE STATE.

UNLAWFULLY KILLING AN ESTRAY.—The gist of the offense is the unlawful disposition of the estray, and the *venue* should be laid where such disposition was made of the estray, not where it was estrayed.

APPEAL from Wood. Tried below before the Hon. Z. Norton.

Brogden was indicted, the charge being that he "did unlawfully kill and dispose of a certain estray heifer, of a white-spotted color, of the value of five dollars, which said heifer had been taken up by him, the said Brogden, as an estray."

The defendant moved to quash the indictment because it did not show where the heifer had been estrayed.

The motion was sustained, the indictment quashed, and the district attorney appealed.

*A. J. Peeler, Assistant Attorney General,* for the State.

MOORE, ASSOCIATE JUSTICE.—The appellee was indicted under the act of February 12, 1858, (Crim. Code, art. 775a,) making it a misdemeanor for any one to unlawfully remove, sell, or in any other manner dispose of any animal which has been taken up by him as an estray. The gist of the offense in such cases is the unlawful disposition made of the animal. The venue should therefore be laid in the county where this unlawful act is done, and not in that where the animal is estrayed.

It is averred with sufficient certainty that the heifer was taken up by appellee as an estray. And to charge one with unlawfully killing an animal which he had taken up as an estray manifestly alleges an unlawful disposition of it and the manner in which it is done.

For the error of the court in quashing the indictment the judgment is reversed and the case remanded.

REVERSED AND REMANDED.